MANUEL AVILÉS, Petitioner *v.* DISTRICT COURT OF ARECIBO, HON. R. AGRAÍT ALDEA, JUDGE, Respondent; GEORGINA CORREA AND ANGEL HERNÁNDEZ, Interveners.

No. 1743.   Argued June 2, 1948.—Decided June 23, 1948.

*Herminio Miranda* and *Joaquín Lago Padín* for petitioner. *Joaquín Gallart Mendía* and *Ramón Cancio,* counsel for the Department of Labor and for the interveners, complainants in the main action.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

The only question involved in this proceeding is whether a workman is entitled to claim as indemnity one month's salary, pursuant to the provisions of Act No. 84 of 1943 (Sess. Laws, p. 196), when an employer discharges said workman because he has leased his business to another person.

The interveners in their complaint herein alleged that the petitioner operated as owner a bar-restaurant business; that they worked as employees of the petitioner in said business for several months under a verbal contract for an agreed weekly salary of $10, without a fixed or definite term; that they performed all the obligations of their employment up to August 31, 1945, when the petitioner, without just cause, discharged them without first paying them the sum of $43.33 corresponding to each one of them, pursuant to Act No. 84, *supra*.

The petitioner answered and admitted that the interveners had been his employees under the terms set forth in the complaint, but he alleged, by way of defense, that on or about August 31 he leased the restaurant business to Doña María Quiñones and Manolo Hernández for a daily rent of $2.25, for which reason he was compelled to dispense with the services of the interveners, and that therefore said services had ceased for just cause. The lower court rendered judgment ordering the petitioner to pay to each one of the interveners the sum of $42.86, corresponding to one month's salary.

■■ The petitioner argues that there is no just cause in those cases where the employer, arbitrarily, without any logical reason whatever, discharges an employee who performs his duties, and has not given any cause for his discharge. But when the discharge is due to any act which, although attributable to the employer, is not arbitrary but is the logical consequence of a lawful transaction in the course of business, such as a lease of the establishment, the just cause contemplated by the law clearly exists.

We agree with the petitioner, and hold the opinion, that there is just cause when an employer discharges an employee by reason of having leased the business to another person, and that therefore he is not bound to comply with the provisions of Act No. 84, *supra*.

In the case of *P. R. & Cap Tire Sales Corp.* v. *District*

*Court,* 68 P.R.R. 370, wherein a question similar to the one under consideration herein was raised, we stated:

"As may be seen, it is incumbent on courts after taking into consideration the facts and special circumstances of each case, to determine whether the discharge of the workman was well founded or whether it was arbitrary or unjustifiable. The obligation to indemnify a workman who has been discharged, where the contract of employment was made without a definite term, is not an absolute one. That obligation arises where he is arbitrarily or unnecessarily discharged without any just cause, reason or ground justifying the employer in dispensing with the services of the workman. . . . .

"There is no controversy as to the fact that the cause which gave rise to the discharge of the intervener workman was the lack of work and activity in the factory of the defendant corporation. That is not a cause which may be characterized as arbitrary or unjust. It would be unjust to compel an employer whose factory has been destroyed by fire to pay to every one of his employees, whom he no longer needs, one month's salary. . . . The purpose of the lawmaker has been to protect the workman in his right to continue in his employment and not to be discharged arbitrarily, that is, without just cause, and substituted by another workman, provided that the employer continues his activities and needs the services of such a workman."

In the case at bar there is no controversy whatever as to the fact that the cause which gave rise to the discharge of the intervener workmen was that the employer leased the business in which they worked. In our judgment, the interveners were not discharged arbitrarily or unnecessarily, but for a just cause in contemplation of law.

We deem it necessary to state that our opinion is based on the uncontroverted presumption that the contract of lease of the restaurant was executed in good faith and was not simulated for the purpose of discharging the plaintiffs without having to pay to them the one month's salary provided by law.

The judgment appealed from will be reversed and the case remanded to the lower court with instructions to render judgment in favor of the defendant.